E. TALLEY GRAY
GA Bar 533660
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
Phone: (678) 428-4868
Fax: (800) 878-0259
Email: talleygray@yahoo.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIN GOEHRIG, an individual, | ) CASE NO: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR |
| | ) VIOLATIONS OF THE |
| v. | ) FEDERAL FAIR DEBT |
| | ) COLLECTIONS PRACTICES |
| CACH, LLC, a Colorado Limited Liability | ) ACT ("FDCPA"), AND |
| Company; and SQUARETWO FINANCIAL | ) THE FEDERAL TRUTH |
| COMMERCIAL FUNDING CORP., | ) IN LENDING ACT |
| a Delaware Corporation, | ) ("TILA") |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |
| | ) |

INDIVIDUAL COMPLAINT FOR DAMAGES

## I.

## INTRODUCTION

1. Plaintiff ERIN GOEHRIG, through her counsel, brings this action to challenge the acts of CACH, LLC (hereinafter "CACH"), and its parent company, SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP. (hereinafter "SQUARETWO"), regarding attempts by the Defendants to unlawfully, maliciously and abusively collect a debt allegedly owed by Plaintiff, which conduct caused Plaintiff to sustain damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the states cited in their entirety.

4. Any and all violations by Defendants as alleged in this Complaint were knowing, willful and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

INDIVIDUAL COMPLAINT FOR DAMAGES

## II.

## JURISDICTION AND VENUE

5.  This action arises out of the Defendants' multiple violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. (hereinafter "TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226. Jurisdiction of this Court arises under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692(k), 15 U.S.C § 1640(e), 28 U.S.C. §§ 1331 and 1337.

6.  Because the Defendants transact business in the State of Georgia, and committed the acts that form the basis for this suit in the State of Georgia, this Court has personal jurisdiction over the Defendants for purposes of this action.

7.  Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391, because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District.

INDIVIDUAL COMPLAINT FOR DAMAGES

## III.

## PARTIES

8. Plaintiff ERIN GOEHRIG is a natural person, an adult, and resides in the City of Suwanee, Gwinnett County, State of Georgia.

9. Plaintiff is informed and believes, and thereon alleges that Defendant CACH, LLC ("CACH") is a Colorado Limited Liability Company, or LLC, doing business in the State of Georgia, and in particular, Gwinnett County.

10. Plaintiff is informed and believes, and thereon alleges that Defendant SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP. ("SQUARETWO") is a Delaware Corporation doing business in the State of Georgia, and in particular, Gwinnett County.

11. Plaintiff is informed and believes, and thereon alleges that CACH is a 100% wholly-owned subsidiary of SQUARETWO, and Plaintiff further alleges, on information and belief, that the Defendants are engaged in the fraudulent transfer of CACH's assets in order to avoid liability in this action.

12. Plaintiff is informed and believes, and thereon alleges that Defendants CACH and SQUARETWO are "alter egos" of one another, and possess such a unity of interest that it would be unjust to prevent Plaintiff's recovery against SQUARETWO for the unlawful actions of CACH as detailed herein.

INDIVIDUAL COMPLAINT FOR DAMAGES

13. Defendants CACH and SQUARETWO are entities that use instrumentalities of interstate commerce (including, but not limited to the U.S. Postal Service) in a business, the principal purpose of which is the collection of debts, or that regularly collect, or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and are therefore "debt collectors" as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff ERIN GOEHRIG is a natural person who is obligated, or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

## IV.

## GENERAL ALLEGATIONS

15. As noted in Paragraph 11, Defendant CACH is a wholly owned subsidiary of Defendant SQUARETWO, and is well known nationwide for purchasing defaulted credit accounts. CACH also transacts business from time to time under the names "CACV" or "Collect America." As noted in recent court rulings, CACH has no employees and owns no assets, but hires attorneys to collect the debts it purchases. It also has a history of filing state-court collection actions despite lacking proper evidence, or having an unclouded chain of title to show that it truly owns its debts. *See* CACH, LLC v. Askew, 358 S.W. 3d 58 (Mo. 2012).

INDIVIDUAL COMPLAINT FOR DAMAGES

16.   Further, CACH has been found to have filed its collection actions, and to have made feeble attempts to assert standing to sue, based on the use of a vague, nebulous, and highly suspect document entitled *"Bill of Sale and Assignment of Loans"* that makes no direct reference to particular debtors or specific account numbers, and instead refers only to the sale of certain unspecified loans referenced strictly in general terms in a skeletal "loan schedule." *See* CACH, LLC v. Fatima, 936 NYS 2d 58 (Dist. Ct., Nassau County, 2011).

17.   Additionally, a recent Georgia decision mirrored the above-referenced findings of sister courts in the states of Missouri and New York, when it ruled that CACH failed to produce any assignment, chain of title or other document showing that it was the "real party in interest" with standing to sue on an alleged credit card debt. Wirth v. CACH LLC, 685 S.E. 2d 433 (Ga. Ct. App. 2009).

18.   Further, a recent investigation by the trade publication "American Banker" revealed that CACH routinely has problems proving ownership of the debts it acquires because of its frequent use and reliance on a document called a "forward flow" agreement – in which CACH agrees to buy a fixed amount of debt over a fixed period of time for a predetermined price. *See* Jeff Horwitz, "Bank of America Sold Card Debts to Collectors Despite Faulty Records," American Banker, March 29, 2012.

INDIVIDUAL COMPLAINT FOR DAMAGES

19. As American Banker noted during the course of its investigation, while reviewing one particular "forward flow" agreement between CACH, on the one hand, and Bank of America, on the other:

 a) CACH acquires the debts from Bank of America on a no-warranty, "as is" basis;
 b) CACH initially receives no documentation to support the debts;
 c) CACH might not <u>ever</u> be able to acquire supporting documentation from Bank of America as to the debts, even if requested;
 d) Some accounts may have been extinguished by bankruptcy; and
 e) The agreement warned that some balances might be inaccurate.

But despite these issues, as American Banker observed, CACH still moves forward with filing thousands of collection actions across the country, stemming from debts obtained from Bank of America through flawed documentation.

20. In the case at bar, at some point prior to June 12, 2013, Plaintiff ERIN GOEHRIG is alleged to have incurred financial obligations to BANK OF AMERICA, N.A. through the use of a credit card.

21. These financial obligations were primarily for personal, family, or household purposes, and were therefore a "debt" as that term is defined at 15 U.S.C. § 1692a(5).

22. Subsequently, but before June 12, 2013, the alleged debt was allegedly assigned, placed, or otherwise transferred to Defendant CACH for collection.

INDIVIDUAL COMPLAINT FOR DAMAGES

23. On June 12, 2013, Defendant CACH filed a lawsuit in the State Court of Gwinnett County, State of Georgia, against Plaintiff ERIN GOEHRIG claiming non-payment of a debt, based upon the above-referenced alleged debt to BANK OF AMERICA, N.A. The case number of the above June 12, 2013 Complaint was 13 C-03750-3, and a copy of this June 12, 2013 Complaint is attached hereto as Exhibit "1".

24. The first attachment to the aforesaid June 12, 2013 State court Complaint was an *"Affidavit of Sale and Certification of Debt"* executed by Justin S. Taro, a purported "Bank Officer" of an entity known as FIA Card Services, N.A. In his affidavit (attached to the State Court Complaint as Exhibit "A"), Mr. Taro stated that CACH, LLC was an assignee of FIA Card Services, N.A., and further stated, in paragraph 4(b) of his affidavit, that pursuant to a "card member agreement" with FIA Card Services, Plaintiff ERIN GOEHRIG had a balance "due and payable" to CACH in the amount of $6,100.086, as of a "charge off date" of June 30, 2010.

25. In fact, at **no time** has Plaintiff ERIN GOEHRIG ever been a party to a written "card member agreement" (or any other type of written agreement) with FIA Card Services, N.A. Additionally, at no time has Plaintiff ever been a party to any such written agreement with CACH, LLC, or with Bank of America.

INDIVIDUAL COMPLAINT FOR DAMAGES

26. Further, at all times during the pendency of the State Court litigation involving Case No. 13 C-03750-3 (ultimately dismissed by both parties <u>without prejudice</u> on May 21, 2014), CACH, LLC **never** produced any document in the nature of a written "card member agreement", or which demonstrated a "meeting of the minds" between Plaintiff ERIN GOEHRIG on the one hand, and FIA Card Services, N.A (and/or CACH, LLC, and/or Bank of America) on the other.

27. As shown by CACH's July 12, 2013 Complaint filed in State Court action 13-C-03750-3, CACH demanded recovery of prejudgment interest from Plaintiff ERIN GOEHRIG at the rate of 23.24% per annum, despite the fact that:

    a) Plaintiff ERIN GOEHRIG never signed a contract with CACH, FIA Card Services, N.A., Bank of America, or any other entity that authorized CACH to charge and demand such interest;

    b) CACH had no authority under any federal or state statute to allow the charging of such interest;

    c) <u>Prior</u> to opening of the subject credit card account, Plaintiff ERIN GOEHRIG was never provided any disclosures which correctly revealed the full cost of her credit, including but not limited to an alleged right to demand prejudgment interest at the rate of 23.24% per annum; and

    d) <u>Subsequent</u> to the opening of the subject credit card account, Plaintiff ERIN GOEHRIG was never provided any disclosures (including the mandatory disclosures required on monthly billing statements), which correctly revealed the full cost of her credit, including but not limited to an alleged right to demand prejudgment interest at the rate of 23.24% per annum.

INDIVIDUAL COMPLAINT FOR DAMAGES

28. Notably, while State Court action 13-C-03750-3 was pending, CACH filed a pleading in March, 2014 entitled *"Plaintiff's First Motion in Limine to Admit Evidence"* (a copy of which is attached as Exhibit "2"). Among the exhibits attached by CACH, LLC to this pleading was a document entitled *"Bill of Sale and Assignment of Loans"* on Bank of America letterhead – and which was similar to, if not identical in nature to, a document mentioned in paragraph 16 of this Complaint, and which was the basis for a New York state court's denial of summary judgment for this alleged creditor in the above-cited case of <u>CACH, LLC v. Fatima</u>, 936 NYS 2d 58 (Dist. Ct., Nassau County, 2011).

29. The document entitled *"Bill of Sale and Assignment of Loans"* filed by CACH in State Court action 13 C-03750-3 was submitted with the intent of establishing the alleged creditor's standing in the lawsuit, and possibly laying a foundation for the admissibility of a purported "business record" into evidence. But as was the case with the identically-titled document that this alleged creditor tried to file in <u>CACH, LLC v. Fatima</u>, this particular *"Bill of Sale and Assignment of Loans"* made no reference whatsoever to particular names of debtors, or to any specific account numbers. Moreover, the original credit issuer (Bank of America) was NOT a party to the assignment, as it was solely between FIA Card Services, N.A., as the alleged "assignor", and CACH, LLC, as the alleged "assignee".

INDIVIDUAL COMPLAINT FOR DAMAGES

30. The claim by CACH in paragraph 2 of its State Court Complaint of June 12, 2013 – *in which CACH alleged it was the "Original Creditor", or by assignment, the "successor in interest in and to Defendant's BANK OF AMERICA account"* – was knowingly false and completely unsupported by the alleged creditor's own record evidence. Further, the fraudulent attempt by CACH to collect an alleged credit card debt from Plaintiff ERIN GOEHRIG, in which CACH put forth false and willfully misleading representations as to the origin and ownership of the alleged debt, was a violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 et seq.

31. Additionally, the attempt by CACH, in its June 12, 2013 State Court Complaint, to collect pre-judgment interest from Plaintiff ERIN GOEHRIG at the rate of 23.24 percent per annum – *despite the fact that CACH did **not** hold rights under any contract with Plaintiff ERIN GOEHRIG (or under any statute) giving CACH, Bank of America, or any other party the right to charge a other rate of interest beyond 7.5 percent (as specifically stated on billing statements delivered by Bank America to Plaintiff)* – was a violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 et seq.

INDIVIDUAL COMPLAINT FOR DAMAGES

32.     Additionally, the attempt by CACH, in its June 12, 2013 State Court Complaint, CACH to collect pre-judgment interest from Plaintiff ERIN GOEHRIG at the rate of 23.24 percent per annum – *despite the fact that neither CACH, FIA Card Services, N.A., Bank of America, nor any other entity <u>ever provided Plaintiff ERIN GOEHRIG with any written disclosures</u> (both prior to, and subsequent to the opening of Plaintiff's credit card account) which correctly revealed the full cost of credit, including but not limited to an alleged right to demand prejudgment interest at the rate of 23.24% per annum* – was a violation of the Federal Truth in Lending Act ("TILA") and Regulation "Z", 15 U.S.C. §§ 1601 et seq., 12 C.F.R. § 226.

33.     Plaintiff is informed and believes, and thereon alleges, that for the purpose of avoiding liability for CACH's unlawful conduct as alleged herein, CACH purposely holds no assets and has no employees, and fraudulently transfers assets to its parent corporation, SQUARETWO.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA by CACH and SQUARETWO)

34.     Plaintiff ERIN GOEHRIG repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 33, above.

35.     Based on information and belief, Defendants CACH and SQUARETWO have violated the Fair Debt Collections Practices Act ("FDCPA").

36. The Defendants' violations include, but are not limited to the following:

(a) **<u>Violation of 15 U.S.C. § 1692e</u>**: By making false, deceptive, or misleading representations in connection with the collection of a debt;

(b) **<u>Violation of 15 U.S.C. § 1692e(2)</u>**: By misrepresenting the character, amount, or legal status of an alleged debt;

(c) **<u>Violation of 15 U.S.C. § 1692f</u>**: By using an unfair or unconscionable means to collect, or attempt to collect an alleged debt; and

(d) **<u>Violation of 15 U.S.C. § 1692f(1)</u>**: By collecting a debt, or attempting to collect a debt not authorized by the agreement creating the debt, or permitted by law *(including, specifically, demanding a pre-judgment rate of interest greater than the rate originally disclosed to a credit card holder, or referenced on the card holder's credit card statements)*.

37. As a direct and proximate result of each and every violation of the FDCPA committed by Defendants CACH and SQUARETWO, Plaintiff ERIN GOEHRIG is entitled to actual damages pursuant to 15 U.S.C. § 1692k9(a)(1); statutory damages in an amount up to $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A); and recovery of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from both Defendants.

## SECOND CAUSE OF ACTION

**(Violations of the Truth in Lending Act by CACH and SQUARETWO)**

38. Plaintiff ERIN GOEHRIG repeats, re-alleges, and incorporates by reference each and every allegation contained in paragraphs 1 through 37, above.

39. Based on information and belief, Defendants CACH and SQUARETWO have violated the Truth in Lending Act ("TILA").

40. The Defendants' violations include, but are not limited to the following:

(a) **Violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b):**

Failing to provide required disclosures prior to consummation of a consumer credit transaction;

(b) **Violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a):**

Failing to make required disclosures clearly and conspicuously in writing;

(c) **Violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d):**

Improper disclosure of a finance charge;

(d) **Violation of 15 U.S.C. § 1605 and Regulation Z § 226.4:**

Failing to include in a finance charge certain charges imposed by Defendants, and payable by Plaintiff incident to the extension of credit; and

(e) <u>**Violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c)**</u>:

Understating, and failing to accurately disclose the full annual percentage ("APR") in connection with a consumer credit transaction.

41. As a direct and proximate result of each and every violation of the Truth in Lending Act committed by Defendants CACH and SQUARETWO, Plaintiff ERIN GOEHRIG is entitled to twice the finance charges assessed by Defendants; actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640.

## **PRAYER FOR RELIEF**

Wherefore, based upon the allegations set forth above, Plaintiff ERIN GOEHRIG prays that judgment be entered against Defendants CACH and SQUARETWO, and hereby demands the following relief:

(1) An award of actual damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692k9(a)(1), against Defendants CACH and SQUARETWO, and for the Plaintiff;

(2) An award of statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692k9(a)(2)(A), against Defendants CACH and SQUARETWO, and for the Plaintiff;

---

INDIVIDUAL COMPLAINT FOR DAMAGES

(3) An award of actual damages for violations of the Truth in Lending Act ("TILA"), pursuant to 15 U.S.C. § 1640(a)(1), against Defendants CACH and SQUARETWO, and for the Plaintiff;

(4) An award of statutory damages for violations of the Truth in Lending Act ("TILA"), pursuant to 15 U.S.C. § 1640(a)(2), against Defendants CACH and SQUARETWO, and for the Plaintiff;

(5) An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1640, against Defendants CACH and SQUARETWO, and for the Plaintiff; and

(6) Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

(1) Plaintiffs demand a trial by jury.

DATED: June 11, 2014

BY: _____
E. Talley Gray
Attorney for Plaintiffs

INDIVIDUAL COMPLAINT FOR DAMAGES