# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERIN GOEHRIG, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CACH, LLC, a Colorado Limited Liability )<br>Company; and SQUARETWO FINANCIAL )<br>COMMERCIAL FUNDING CORP., )<br>a Delaware Corporation, )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION FILE NO.<br>1:14-cv-01819-LMM-JCF |

### DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, SQUARETWO FINANCIAL COMMERCIAL FUNDING CORP. (hereinafter "Defendant" and/or "SquareTwo"), a Defendant in the above-referenced action and files this Answer and Affirmative Defenses in response to the Plaintiff's First Amended Complaint as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

1

## SECOND AFFIRMATIVE DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq*.

## FOURTH AFFIRAMTIVE DEFENSE

Plaintiff's First Amended Complaint is procedurally improper as Plaintiff has failed to seek leave to file same pursuant to Fed. R. Civ. P. 15(a)(2) and Plaintiff's First Amended Complaint was not properly served upon Defendant pursuant to Fed. R. Civ. 4.

## FIFTH AFFIRMATIVE DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant SquareTwo responds to the individually numbered paragraphs of Plaintiff's First Amended Complaint as follows:

# INTRODUCTION

1. Defendant admits that Plaintiff is attempting to assert claims against it with respect to an unpaid account. Defendant denies the remaining allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint.

2. The statement contained in Paragraph 2 of Plaintiff's First Amended Complaint requires no response on the part of Defendant. To the extent a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the statements contained in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendant denies that the "violations" described in the First Amended Complaint occurred in the first instance. Defendant lacks knowledge or information sufficient to form a belief as to the remaining statements contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4. Defendant denies the allegations contained in Plaintiff's Amended Complaint.

# JURISDICTION AND VENUE

5. Defendant admits that Plaintiff is attempting to assert claims against it pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Defendant denies any liability to Plaintiff under the FDCPA.

Defendant admits that Plaintiff's claims asserted under the FDCPA raise federal questions.

6. Defendant denies that it "committed the acts" described in Plaintiff's First Amended Complaint in the first instance. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant denies that the "acts and transactions giving rise to this action as alleged in this complaint" occurred in the first instance. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint.

## **PARTIES**

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant lacks knowledge or information sufficient to forma belief as to the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint as these allegations are directed toward a party other than this Defendant.

10. Defendant admits that it is a corporation organized under the laws of the State of Delaware. Defendant admits that it is authorized to conduct

business in the State of Georgia, but denies all remaining allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint directed toward SquareTwo.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. Defendant SquareTwo lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint as said allegations are directed toward a party other than this Defendant.

19. The allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are admitted.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint.

## GENERAL ALLEGATIONS

25. Defendant denies that it is the parent company of CACH, LLC.  Defendant SquareTwo lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint.

26. The statements contained in Paragraph 26 of Plaintiff's First Amended Complaint relate to legal conclusions to which Defendant is under no known

obligation to respond. To the extent any response is required, Defendant denies that Plaintiff has accurately and/or completely stated the law and denies that these allegations are directed toward this Defendant.

27. The statements contained in Paragraph 27 of Plaintiff's First Amended Complaint relate to legal conclusions to which Defendant is under known obligation to respond. To the extent a response is required, Defendant denies that Plaintiff has accurately and/or completely stated the law and denies that these allegations are directed toward this Defendant.

28. The statements contained in Paragraph 28 of Plaintiff's First Amended Complaint relate to the content of an article contained in a trade publication. Defendant is under no known obligation to respond to the statements contained in Paragraph 28 of Plaintiff's First Amended Complaint. To the extent any response is necessary, Defendant denies that Plaintiff has accurately and/or completely summarized the content of the article referenced in Paragraph 28 of the First Amended Complaint and otherwise lacks knowledge or information sufficient to form a belief as to the content of Paragraph 28 of the First Amended Complaint.

29. The statements contained in Paragraph 29 of Plaintiff's First Amended Complaint relate to the content of an article contained in a trade publication. Defendant is under no known obligation to respond to the statements

contained in Paragraph 29 of Plaintiff's First Amended Complaint.  To the extent any response is necessary, Defendant denies that Plaintiff has accurately and/or completely summarized the content of the article referenced by Plaintiff and otherwise lacks knowledge or information sufficient to form a belief as to the content of Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint.

## **FIRST CAUSE OF ACTION**

43. Defendant restates and reasserts each and every response and affirmative defense as if stated fully herein.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's First Amended Complaint, including the allegations contained in subparagraphs (a) through (d).

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's First Amended Complaint.

47. Defendant denies all remaining allegations contained in Plaintiff's First Amended Complaint not specifically admitted herein.

WHEREFORE, Defendant prays this First Amended Complaint be dismissed with prejudice, that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

This 9th day of December, 2014.                    Respectfully submitted,

                                                                                      BEDARD LAW GROUP, P.C.

                                                                                      /s/ Michael K. Chapman
                                                                                      Michael K. Chapman
                                                                                      Georgia Bar No. 322145

                                                                                      Counsel for Defendant,
                                                                                      SquareTwo Financial Commercial Funding Corp.

Bedard Law Group, P.C.
2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
mchapman@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ERIN GOEHRIG, an individual,  )<br>)<br>    Plaintiff,   )<br>)<br>v.    )<br>)<br>CACH, LLC, a Colorado Limited Liability )<br>Company; and SQUARETWO FINANCIAL)<br>COMMERCIAL FUNDING CORP.,  )<br>a Delaware Corporation,   )<br>)<br>    Defendants.   )<br>_____) | CIVIL ACTION FILE NO.<br>1:14-cv-01819-LMM-JCF |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed this *Defendant SquareTwo Financial Commercial Funding Corp.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint* using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

E. Talley Gray
talleygray@yahoo.com

This 9th day of December, 2014.         Respectfully submitted,

**BEDARD LAW GROUP, P.C.**

/s/ Michael K. Chapman
Michael K. Chapman
Georgia Bar No. 322145

12